UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE CO., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-657-RLY-TAB |
| | ) | |
| D & D MORTGAGE SOLUTIONS, INC., | ) | |
| VICTORY MORTGAGE, LLC, | ) | |
| LORRAINE DUNLAP, BRENDA | ) | |
| STEPHENS, PHILLIP R. ANDERSON and | ) | |
| BOND SAFEGUARD INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

**ENTRY ON BOND SAFEGUARD INSURANCE COMPANY'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Bond Safeguard Insurance Company ("Bond Safeguard"), moves to

dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and

requests a hearing on the same.  For the reasons set forth below, the court **GRANTS**

Bond Safeguard's motion to dismiss and **DENIES** Bond Safeguard's request for a

hearing.

**I.      Background**

On May 20, 2008, Plaintiff, National City Mortgage Company ("Plaintiff") filed

the present lawsuit seeking damages against Defendants D & D Mortgage Solutions, Inc.

("D & D Mortgage"); Victory Mortgage, LLC ("Victory Mortgage"); Lorraine Dunlap

("Dunlap"), a broker; Brenda Stephens ("Stephens"), an appraiser; and Phillip R.

1

Anderson ("Anderson"), an appraiser, for breach of contract, negligence and fraud related to mortgage loan transactions.  The Complaint alleges that on or before July 29, 2004, D & D Mortgage and Victory Mortgage, brokered mortgage loans which were approved and purchased by Plaintiff pursuant to Mortgage Loan Purchase Agreements with D & D Mortgage and Victory Mortgage, and that Plaintiff suffered losses on those mortgage loans.  (Complaint, Exs. B and C).  Appraisers Stevens and Anderson are alleged to have, *inter alia*, inflated appraisal values on the real estate backing the mortgage loans.

Defendant, Bond Safeguard, is the surety on Loan Broker's Bond ("Bond") No. 5002512 of licensee/principal D & D Mortgage, which was in effect from 12/31/2002 to 12/31/2004.  Such a bond is required in the principal's (in this case, D & D Mortgage) application to the Indiana Securities Commissioner for license as a loan broker under Indiana Code § 23-2-5 *et seq*.  The Bond at issue is attached to the Complaint as Exhibit E.

The Bond expressly provides that D & D Mortgage, as the principal, must comply with the provisions of the Loan Broker Act, and provides that the Bond is subject to the following provision:

> 3.    Every person who has a cause of action under IC 23-2-5 may bring action upon this bond to enforce any liability on the bond providing, however, that no suit on this bond may be maintained to enforce any liability on this bond unless brought within two (2) years after the act upon which it is based.

(Complaint, Ex. E).

The only count against Bond Safeguard is Count VI, which alleges that D & D

Mortgage "engaged in misrepresentation and fraudulent concealment of the facts and information more fully set forth in Counts IV and V,[1]" and that the "fraudulent practices of D & D constitute violations of the Loan Brokers Statute" giving rise to a claim against the Bond.  Count VI further alleges that "[s]uch fraudulent concealments delayed National City's discovery of the misrepresentations by D & D," and that this action was brought "within six years of the fraudulent acts of D & D."  Plaintiff seeks the full bond penalty of $50,000.

## II.  Discussion

Bond Safeguard moves to dismiss Count VI on grounds that Plaintiff did not file suit in accordance with the Bond's requirement that Plaintiff bring suit "within two (2) years after the act upon which it is based."  As the jurisdiction of this court is based upon diversity of citizenship, the court applies Indiana substantive law to Plaintiff's claims against Bond Safeguard.  *Erie R.R. Co. v Tompkins*, 304 U.S. 64 (1938).

The Loan Broker's Statute is found in sections 23-2-5 *et seq.* of the Indiana Code. Indiana Code § 23-2-5-5(b)[2] provides that a licensed loan broker must maintain a bond

_____

[1] Count IV alleges that on or before July 29, 2004, with knowledge of the falsity and intent to deceive, D & D Mortgage and Victory Mortgage, by Dunlap, made material representations and misrepresentations upon which Plaintiff relied with respect to the loans identified in Exhibit A to the Complaint.  Count V alleges that D & D Mortgage, Victory Mortgage, Dunlap, Stephens and Anderson committed the crime of deception under Indiana Code § 25-43-5-3 "regarding the value of the property and the financial wherewithal and financial condition of the Borrowers."

[2] Indiana Code § 23-2-5-5(b) provides:
A licensee must maintain a bond satisfactory to the commissioner in the amount of fifty thousand dollars ($50,000), which shall be in favor of the state and shall secure payment of damages to any person aggrieved by any violation of this chapter by the licensee.

"satisfactory to the commissioner . . ."  The term "commissioner" refers to the Indiana

Securities Commissioner who is appointed by the Indiana Secretary of State.  *See* Ind.

Code §§ 23-2-5-1, 23-2-1-15(a).  Although the Loan Broker's Statute does not include a

statute of limitations, the Bond includes a two-year statute of limitations[3].  The issue

raised in this motion to dismiss is whether that two-year statute of limitations provided in

the Bond controls, or whether the six-year statute of limitations provided by statute for

fraud claims controls.  If the statute of limitations contained within the Bond controls,

Plaintiff's claim against Bond Safeguard is barred.

The resolution of this issue depends upon whether the Bond is a private or official

bond.  Parties to a private bond may contractually insert a statute of limitations period that

is shorter than the applicable statute of limitations.  *State v. Lidster*, 467 N.E.2d 47, 49

(Ind. Ct. App. 1984).  Parties to an official bond may not.  *Id*.  The policy reason for this

difference in treatment is that "public officials do not have the power to contract away the

rights of the public for whose benefit the official bond is required."  *Id*.  Thus, "provisions

in official bonds which tend to limit or restrict the surety's liability are void."  *Id*.

─────────────

[3] Bond Safeguard filed a Request for Judicial Notice in Support of Motion to Dismiss the Complaint.  (Docket # 14).  More specifically, it requests the court take judicial notice of an application form created by Indiana Secretary of State, Securities Division, a copy of which is found on its website.  The court finds that Bond Safeguard's request is not an appropriate use of FED. R. EVID. 201.  In any event, the court finds that it need not rely on the same in resolving this motion, as the Bond at issue appears to be a duplicate copy of that found on the website.  *See* http://www.in.gov/icpr/webfile/formsdiv/38168.pdf.  Accordingly, the court declines to take judicial notice of the application form as requested by Bond Safeguard.

An official bond is taken pursuant to a public statute.  *Id*. at 49-50 (rejecting insurance company's cases which upheld contractual limitations such as those written onto the face of the bond by the insurance company on grounds that two cases involved private bonds and the third held that the bond was taken "pursuant to a common law obligation and was not a statutory bond."); *Southern Surety Co. v. Kinney*, 127 N.E. 575, 578 (Ind. App. 1920) ("[A] bond taken pursuant to the requirement of a statute is an official bond."); *United States Fidelity & Guaranty v. Poetker*, 102 N.E. 372, 374 (Ind. 1913) ("It has been frequently decided in this state that bonds taken pursuant to a requirement of a public statute are official bonds. . . .").  Plaintiff contends this is an official bond because it is taken pursuant to the Loan Broker's Statute. Thus, "any attempt to limit the obligation of the bond company on the face of the bond to an obligation less than that established by statute is void."  (Plaintiff's Response at 6).

Construing the facts in the light most favorable to Plaintiff, the court finds this is an official bond because it is taken pursuant to the Loan Broker's Statute.  Indiana law requires that when a bond is given pursuant to statute, the time limitation prescribed by the statute for bringing a cause of action on the bond becomes a part of the bond. *Concrete Steel Co. v. Metropolitan Cas. Ins. Co.*, 173 N.E. 651, 655 (Ind. App. 1930) ("The bond was given pursuant to statute, and the limitations as to time and the condition precedent to a right of action became a part of the bond.").  In other words, as noted above, the limitation on the bond may not conflict with the applicable statute authorizing the bond, or the limitation on the bond is void.  Here, however, there is no competing

5

statute of limitations under the Loan Broker's Statute.  Plaintiff's insistence that the six-year statute of limitations for fraud controls is misplaced, as Plaintiff has not sued Bond Safeguard in fraud; rather, Plaintiff's claim is against Bond Safeguard on the bond itself. Because there is no conflict between the Loan Broker's Statute and the two-year time limitation on the Bond, and because D&D Mortgage maintained the Bond "satisfactory" to the Indiana Securities Commissioner pursuant to the Loan Broker's Statute, Indiana Code § 23-2-5-5(b), the two-year limitation on the Bond controls.

Plaintiff argues that even if the court finds the two-year statute of limitation applies, there are issues of fact as to whether the actions of D & D Mortgage waive the statute of limitations.  Plaintiff alleges in its Complaint that the actions of D&D Mortgage "delayed [Plaintiff]'s discovery of misrepresentations by D & D."  (Complaint ¶ 48). This allegation, however, is insufficient to impute D & D Mortgage's actions to Bond Safeguard.  Bond Safeguard is a surety, not an agent.  Accordingly, the court rejects Plaintiff's alternative argument, and Bond Safeguard's Motion to Dismiss is **GRANTED**. Having so found, the court will not address Bond Safeguard's standing argument.


**III.    Conclusion**

For the reason set forth above, the court **GRANTS** Bond Safeguard's Motion to Dismiss the Complaint for Failure to State a Claim (Docket # 11) and **DENIES** Bond

Safeguard's Request for Hearing (Docket # 13).


**SO ORDERED** this __9th__ day of October 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

William Rollen Howell
LINDER & HOLLOWELL P.C.
office@linderandhollowell.com

John S. Mercer
WOOD TUOHY GLEASON MERCER & HERRIN
jsmercer@indylegal.com

Sharon L. Wright
LINDER & HOLLOWELL, P.C.
office@linderandhollowell.com

7